# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO SANTANA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV939 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to proceed in forma pauperis and petition for writ of audita querela. Petitioner will be permitted to proceed without prepayment of the filing fee. The petition for writ of audita querela will be summarily dismissed.

In United States v. Santana 4:90CR30 JCH (E.D. Mo.), a jury found petitioner guilty of drug conspiracy and a related charge. This Court sentenced petitioner to a total term of 600 months' imprisonment. The conviction was affirmed on direct appeal. See United States v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993). Petitioner subsequently filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 asserting several claims. Santana v. United States, 4:97CV1456 JCH (E.D. Mo.). This Court denied the motion, but granted petitioner a certificate of appealability. Id. The United States Court of Appeals for the Eighth Circuit affirmed.

Santana v. United States, 1 Fed. Appx. 605 (8th Cir. 2001). Petitioner states that he subsequently filed a motion in the United States Court of Appeals for the Eighth Circuit for permission to file a successive habeas petition, which was denied.

Petitioner now petitions the Court for a writ of audita querela, arguing that the United States Supreme Court's decision in United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), created a change in the law regarding ineffective assistance of counsel that should be retroactively applied to his conviction.

This Court doubts that the old common law writ of audita querela exists to provide relief to persons under a federal conviction. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same). Even if the writ is available, however, petitioner is not entitled to relief. The courts that have considered the question of whether a post-judgment change in the law is a ground for audita querela relief have answered in the negative. See United States v. Ayala, 894 F.2d 425, 429 n.8 (D.C. Cir. 1990) ("we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules); United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears,

Roebuck and Co., 536 A.2d 563, 566 (Conn. 1988). This Court agrees, holding that audita querela is not available to petitioner in this situation.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of audita querela is **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of June, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE